UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA      :

         :

   -against-         :        NOTICE OF MOTION FOR

         :        BILL OF PARTICULARS

HALIMA SALMAN,        :

         :        24-CR-206 (NCM)

        Defendant.      :

------------------------------------------------------X

PLEASE TAKE NOTICE, upon the annexed memorandum of law, that the defendant

HALIMA SALMAN, by her attorneys MIA EISNER-GRYNBERG and SAMUEL JACOBSON

of the Federal Defenders of New York, Inc., will move the Court, before the Honorable Natasha

C. Merle, United States District Judge for the Eastern District of New York, for an Order:

    1.      Directing the government to file a bill of particulars.

    2.      Granting such other and further relief as the Court may deem just and proper.

DATED:      BROOKLYN, N.Y.
         April 16, 2025

                                /s/
                             MIA EISNER-GRYNBERG
                             SAMUEL JACOBSON
                             Attorneys for Halima Salman
                             Federal Defenders of New York, Inc.
                             1 Pierrepont Plaza, 16th Floor
                             Brooklyn, N.Y. 11201
                             (718) 330-1257

TO:    JOHN J. DURHAM
       United States Attorney
       Eastern District of New York
       271 Cadman Plaza East
       Brooklyn, N.Y. 11201
       By:   Assistant U.S. Attorney Amanda Shami
            Assistant U.S. Attorney Andrew Reich

CC:    Clerk of the Court (NCM) (by ECF)
       Halima Salman

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA          :
                                  :
  -against-                     :
                                  :          24-CR-206 (NCM)
HALIMA SALMAN,                     :
                                  :
          Defendant.           :
-------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF
## MOTION FOR A BILL OF PARTICULARS

MIA EISNER-GRYNBERG
SAMUEL JACOBSON
Attorneys for Halima Salman
Federal Defenders of New York, Inc.
1 Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201
(718) 330-1257

TO:  JOHN J. DURHAM
       United States Attorney
       Eastern District of New York
       271 Cadman Plaza East
       Brooklyn, New York 11201
       By:   Assistant U.S. Attorney Amanda Shami
             Assistant U.S. Attorney Andrew Reich

This Memorandum of Law is submitted in support of Halima Salman's motion for a bill of particulars, pursuant to Rule 7(f); the 6th Amendment to the United States Constitution; *United States v. Bortnovsky*, 820 F.2d 572 (2nd Cir. 1987); *United States v. Santoro,* 647 F. Supp. 153 (E.D.N.Y. 1986); and *United States v. Ramirez*, 602 F. Supp. 783 (S.D.N.Y. 1985).

   A.  <u>A Bill of Particulars is Necessary When an Indictment Lacks Specificity and a Defendant is Not on Notice of the Nature of the Pending Charges</u>

Federal Rule of Criminal Procedure 7(f) authorizes a court to "direct the government to file a bill of particulars." The Second Circuit has concisely set forth its purpose: "A bill is appropriate to permit a defendant to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988).

The Supreme Court has held that an indictment must, at a minimum, provide sufficiently specific information not only to allow a defendant to plead jeopardy in a later prosecution, but also to allow a defendant to prepare his defense. It must also clearly set forth the basis for federal jurisdiction over the charged crimes and must inform the Court of the facts alleged, so that the Court can determine the sufficiency of the charge. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

Although it is generally sufficient to use the words of the charging statute, the indictment must pin down the specific conduct at issue. "Undoubtedly, the language of the statute may be used in the general description of the offense, but it must be accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117-

118; *see also Resendiz-Ponce*, 549 U.S. at 109 ("[W]hile an indictment parroting the language of the federal criminal statute is often sufficient, there are crimes that must be charged with greater specificity."). If an indictment lacks specificity as required under Rule 12(b)(2), it is the defendant's job to "apprise the District Court of those particular portions of the indictment that are lacking in the requisite specificity, and explain why in the circumstances, greater specificity is required." *United States v. Crowley*, 236 F.3d 104, 106 (2d. Cir. 2000); see also Fed. R. Crim. P. 12(b)(3)(B)(iii) (defenses, objections, and requests based on lack of specificity in the indictment or information must be made in a pretrial motion).

B. <u>The Indictment and Discovery Materials in This Case Fail to Provide Adequate Notice of the Receipt of Military-Type Training Charge Against Ms. Salman</u>

According to the sole count of the indictment, "[i]n or about and between July 2017 and February 2019, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States," Ms. Salman received "military-type training" from ISIS. *See* ECF No. 13. This language fails to apprise Ms. Salman of the date, location, and nature of the training she is alleged to have received. The complaint includes slightly more detail, alleging that:

1. The training occurred "in or around" March 2018. *See* ECF No. 1 at ¶ 2. The March 2018 timeframe appears to be based on the metadata associated with the image of the training document, with a date of March 17, 2018, and the agent's belief that the training document must have been generated "on or around or before that date." *See Id.* at ¶ 24.

2. The training occurred in Syria. *See Id.* at ¶ 2.

3. The training was regarding the handling and operation of an AK-47 style rifle. *See Id.*

Although the complaint appears to narrow the government's theory of liability, the indictment leaves the door open to any type of military training, anywhere in the extraterritorial jurisdiction of the United States, at any time between July 2017 and February 2019. The hedging language in the indictment is especially troubling given the many forms of liability available

2

under the statute. *See* 18 U.S.C. § 2339D(c)(1) ("the term 'military-type training' includes training in means or methods that can cause death or serious bodily injury, destroy or damage property, or disrupt services to critical infrastructure, or training on the use, storage, production, or assembly of any explosive, firearm or other weapon, including any weapon of mass destruction . . . .").[1]

But even if the government's theory is as stated in the complaint—which suggests that Ms. Salman was taught how to use an AK-47, in Syria, in March 2018—it still lacks critical detail and is not drafted with sufficient specificity to allow Ms. Salman to understand the allegations, and defend against them. Nor does the discovery produced over the last year narrow the scope of the date, location, and nature of the alleged training.[2]

Shockingly, the discovery produced to date, while voluminous, contains no more information about Ms. Salman's alleged military training than the face of the complaint. Beyond the training document referenced and depicted in the complaint, *see* ECF No. 1 at ¶ 22-24, which, too, does not state a date, location, or nature of the training, the government has produced no other relevant materials. There are no photographs or videos of the training, no map of the training or identifying location information, no information about the timing or date of the training, and no statements of informants or cooperating witnesses about the training. Defense counsel is in no better position to defend against these charges than a casual reader of the complaint.

---

[1] The government has provided no indication as to whether Ms. Salman has to defend against allegations of receiving some or all of these types of military training.

[2] The government does not fulfill its obligation of providing fair notice of the charges "merely by providing mountains of documents to defense counsel." *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987).

The complaint states that Ms. Salman was brought to Syria by her father in late 2016 or early 2017, and that she surrendered to Syrian Democratic Forces in Baghouz, Syria, in March 2019. *See* ECF No. 1 at ¶ 9, 11. The seemingly more specific "date" of the training noted in the complaint, *see id.* at ¶ 2, 24, appears to be no more than a guess, based on the March 17, 2018 metadata timestamp of the image of the training document. Of course, if Ms. Salman was trained, she was likely trained prior to the creation of the purported training certificate. But when? And where? And what did it entail? Was she trained during the siege of Raqqa, between July and October 2017? Was she trained after the siege, in one of the dozens of towns she inhabited as she fled from subsequent sieges and bombing campaigns? We simply have no idea. Based on the complaint, the indictment, and the discovery received to date, Ms. Salman has received no notice beyond that the government thinks she received military-type training at some point, somewhere, during her time in Syria over the course of two years. Imagine an indictment alleging that sometime between July 2017 and February 2019, in the United States, the defendant possessed a firearm, having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). That's precisely the indicted charge here, and like that hypothetical, it clearly fails to provide the defendant adequate notice to present a defense.

Courts have granted a bill of particulars in circumstances where indictments cover lengthy timespans or imprecise locations. In *United States v. Ray*, the court concluded that an eight-year timespan for a sex trafficking count was "so long" that the defense was entitled to "more particulars" to enable it to "mount an independent pretrial investigation." *See United States v. Ray*, No. 20-CR-110, 2021 WL 3168250, at *11 (S.D.N.Y. July 27, 2021). And in *United States v. Minaya*, the court ordered the government to provide a bill of particulars as to the location of an alleged narcotics conspiracy. *See United States v. Minaya*, 395 F. Supp. 2d 28,

4

35–36 (S.D.N.Y. 2005) ("While the Indictment's general description . . . states that the Organization operated primarily in the Bronx and Manhattan . . . the Government should provide Defendants with at least a more particular statement of the location."). *Ray* and *Minaya* counsel in favor of granting a bill of particulars here.

Courts have also ordered bills of particulars in similar material support for ISIS cases. *See* Opinion and Order, *United States v. Musaibli*, No. 18-CR-20495(E.D. Mi. Dec. 3, 2021), ECF No. 182. The *Musaibli* court found that where charges "embrace an exceedingly broad span of time—around 38 months, in this case . . . then specifics at least to the alleged time frame and location of the particular acts embraced by each charge may be appropriate." *Id*. at 7. The court ordered as follows:

> In this case, fair notice requires that the government at least states, for each count of the bill, a summary itinerary with the month and year (start and end) and geographic location for each period in which the government intends to prove that the defendant either was "trained" or "gave support" to ISIS. It certainly ought to know by now and easily be able to supply that much minimal detail about the scope of its case, and such an itinerary would allow the defense to focus on materials within the given time ranges, and to examine the conduct documented at certain places within those times, to discern the basis of any potential factual defense.

*Id*. at 8. *See also United States v. Warsame*, 537 F.Supp.2d 1005 (D. Minn. 2008) (government issued precise bill of particulars in [material support for ISIS] § 2339B prosecution "to enable [defendant] to effectively challenge the constitutionality of § 2339B as it applie[d] to his alleged conduct in th[e] case").

Here, too, a bill of particulars as to date and location would enable Ms. Salman to mount a defense, and would supply the bare minimum notice that the Constitution requires. The same holds true for a bill of particulars regarding the nature of the training, so that the defense can investigate whether the training, if it did in fact occur, constituted "military-type training" within

the meaning of § 2339D(c)(1). Without further guidance about the basic facts on which the government intends to rely, the defense cannot adequately prepare for trial.

C. The Court Should Order a Bill of Particulars

Several questions must be answered in order for Ms. Salman to effectively mount a defense to the bare bones indictment, to be put on proper notice of the crime with which she has been charged, to permit her to adequately challenge the validity of the statute as applied, and to allow her to plead double jeopardy should she be acquitted. We therefore request that the government be required to file a bill listing the following three particulars:

1. The approximate date (month and year) of Ms. Salman's military-type training;

2. The location of Ms. Salman's military-type training;

3. A detailed description of what the military-type training entailed.

This request is minimally burdensome on the government, key to the defense, and can be answered in an extremely short filing.

D. Conclusion

For the foregoing reasons, the Court should grant Ms. Salman's motion and order the government to issue the requested bill of particulars.


DATED:     BROOKLYN, N.Y.
           April 16, 2025

                                         /s/
                          _____
                          MIA EISNER-GRYNBERG
                          SAMUEL JACOBSON
                          Attorneys for Halima Salman
                          Federal Defenders of New York, Inc.
                          1 Pierrepont Plaza, 16th Floor
                          Brooklyn, N.Y. 11201
                          (718) 330-1257


6